IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE ACOSTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-641-R |
| | ) |
| ACCORD/OKC MEMBERS, LLC | ) |
| d/b/a ISOLA BELLA APARTMENTS | ) |
| and/or ISOLA BELLA EXTENDED STAY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Acosta's Motion to Remand. Doc. No. 5. Defendant has not responded in opposition to Plaintiff's motion. Upon review, the Court grants Plaintiff's motion.

According to 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In applying removal statutes like § 1441(b)(2), courts must adhere to a strict construction of the statute, "and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Moreover, the removing defendant bear the burden of establishing that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

On June 6, 2020, Plaintiff filed this action in the District Court of Oklahoma County, Oklahoma. Doc. No. 1-2. Shortly thereafter, Defendant removed the case to federal court

on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Doc. No. 1. Plaintiff argues that Defendant's removal violates the forum defendant rule of 28 U.S.C. § 1441(b)(2) because Defendant is technically a citizen of the State of Oklahoma. Doc. No. 5. The Court agrees.

The removing Defendant is a limited liability company with a member who is a resident of Oklahoma. *See* Doc. No. 1, ¶ 11. For purposes of removal, the Court thus considers Defendant to be a resident of the state of Oklahoma. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). As a resident of Oklahoma, Defendant is prohibited by 28 U.S.C. § 1441(b)(2) from removing this action, on the basis of diversity jurisdiction, from state court in Oklahoma—the forum in which Plaintiff originally laid his claims. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished) (noting that pursuant to 28 U.S.C. § 1441(b)(2), a case may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the state-court action was brought).

Defendant does not contest Plaintiff's motion, nor any assertion made therein. Namely, Defendant does not argue that it was not "properly joined and served as [a] defendant[]" in the state court action, as appears to be required by 28 U.S.C. § 1441(b)(2).[1] In neglecting to challenge Plaintiff's motion, Defendant fails to satisfy its burden of establishing that removal is proper. *See McPhail*, 529 F.3d at 953. The Court therefore deems Plaintiff's motion confessed. *See* LCvR 7.1(g).

---

[1] There is a split amongst federal courts as to whether 28 U.S.C. § 1441(b)(2) permits a forum defendant who has not yet been properly joined and served to remove a state-court action to federal court, provided diversity jurisdiction exists. *See FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 WL 1305330 at *3–6 (D. Kan. Mar. 27, 2013). The Court need not address this issue because Defendant does not challenge the merits of Plaintiff's motion.

For the foregoing reasons, the Court hereby grants Plaintiff Acosta's Motion to Remand, Doc. No. 5, and remands this matter to the District Court of Oklahoma County, Oklahoma for further proceedings.

**IT IS SO ORDERED** this 7th day of August 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE